## WARD v. UNITED STATES.
### No. 14701.

District Court, W. D. Washington, N. D.

Jan. 19, 1946.

Bassett & Geisness, of Seattle, Wash., for libelant.

Edward S. Franklin (of Bogle, Bogle & Gates), all of Seattle, Wash., for respondent.

LEAVY, District Judge.

This is a suit in admiralty wherein Arthur C. Ward is the libelant and the United States of America is respondent. At the time of trial there was given in evidence the oral testimony of the libelant and the deposition of Frank J. Morrison, Captain of the SS "Sacketts Harbor", together with certain documentary evidence.

Libelant signed articles as a quartermaster on this ship, which sailed from New York on April 29, 1944, for a voyage to any port or place in the world the master may direct and back to final port of discharge, north of Cape Hatteras.

The libelant alleges that on the 9th day of June, 1944, while serving as quartermaster aboard the steamship at Noumea, New Caledonia, the Master of the vessel maliciously and without justifiable cause forced him ashore in order to leave him behind in a foreign port, and thereafter he was arrested and confined for a period of four days in a jail. He seeks general damages in the sum of $5,000, by reason of such confinement, and then asks the further sum of $1,160, for loss sustained in earnings, bonus, subsistence and transportation.

The answer of the respondent denies the allegations of the libelant, and affirmatively alleges that the libelant deserted the ship at Noumea.

I have caused a transcript of the testimony of the libelant to be made a part of the record, and have carefully read and reread it, as well as the deposition of Captain Frank J. Morrison, who was the Master of the ship. It would serve no useful purpose to discuss the testimony at length. The evidence fails to establish the contentions of the libelant, and it likewise fails to establish the affirmative defense of the respondent that the libelant was a deserter. I am satisfied that the libelant's failure to sail with his ship when it left Noumea was not with any intent to desert the ship. On the other hand, I must find that such failure was due to the libelant's own careless and negligent conduct from the time he left the ship until his return to the dock from which it had just sailed. I find that his failure to report to the ship after being on shore is in no way chargeable to the Master of the ship nor any other representatives of the respondent; likewise, his confinement of four days following the ship's departure was the result of action taken by the Naval authorities upon their own initiative.

I further find that the Captain of the respondent's ship actually delayed his sailing forty-five minutes, awaiting the libelant's appearance to sail on the ship, and that when the libelant came alongside the

**238**

ship in a Navy launch to board it, some miles out from the dock, the Captain signalled the Naval authorities for directions and was advised that the libelant did not have necessary clearance and should not be taken on board, and was then directed to proceed on his voyage. These directions he was compelled to obey, as merchant ships were required to follow Navy orders and directions while moving through waters in the war zone, as was this vessel at the time.

Having made these findings as to the facts in the case, it follows that the libelant is not entitled to recover herein, and the suit will be dismissed.